# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, OKLAHOMA, | ) ) ) ) | |
| Plaintiff, | ) | |
| vs. | ) ) | NO. CIV-10-1251-HE |
| CORRECTIONAL HEALTHCARE MANAGEMENT OF OKLAHOMA, INC., ET AL., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

In this case, plaintiff asserts various state law claims arising out of defendants' alleged failure to provide health care services as agreed to individuals in the custody of the Oklahoma County Sheriff. The case was originally filed in Oklahoma state court and removed by defendants to this court on the basis of diversity. Plaintiff has now moved to remand the case, arguing that one of the defendants, Correctional Healthcare Management of Oklahoma, Inc. ("CHMO"), has its principal place of business in Oklahoma and that complete diversity therefore does not exist.

Plaintiff's motion completely ignores the recent Supreme Court case which stated the test for determining, for diversity purposes, the principal place of business of a corporation.[1] In Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010), the Court determined that a corporation's principal place of business is "the place where a corporation's officers direct, control, and

---

[1] *Indeed, the Supreme Court explicitly abrogated the Tenth Circuit case on which plaintiff relies in its brief.*

coordinate the corporation's activities." Id. at 1192. That is normally the place where the corporation maintains its headquarters, so long as that location is in fact the actual center of direction, control and coordination (i.e. the "nerve center"). Id.

With its response, defendants have submitted the affidavit of Doug Goetz, the chief executive officer of each of the defendants. The affidavit states that CHMO is incorporated under Colorado law, that its corporate offices are located in Greenwood Village, Colorado, that its officers direct and control its activities from that location, and that payroll, human resources, legal, sales/marketing, and related operations are coordinated from and/or based at that location. Plaintiff has not filed a reply brief contesting any of these assertions.

Having had the appropriate legal standard for determining a corporation's principal place of business brought to its attention, plaintiff does not now appear to contest defendants' factual assertions bearing on the question of where CHMO's "nerve center" is located. The facts asserted in the Goetz affidavit establish the principal place of business of CHMO to be in Colorado. As CHMO was the only entity alleged by plaintiff to have its principal place of business in Oklahoma,[2] there is complete diversity between the parties.

Plaintiff's motion to remand [Doc. #20] is **DENIED**.

---

[2]*The Goetz affidavit states the principal place of business of all three defendants to be other than Oklahoma and, apart from CHMO, plaintiff has not suggested the contrary.*

**IT IS SO ORDERED**.

Dated this 23rd day of February, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE